**THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | : | **Chapter 9** |
| **In re:** | : | **Case No. 13-53846** |
| **CITY OF DETROIT, MICHIGAN,** | : | **Hon. Steven W. Rhodes** |
| Debtor. | : | |
| | : | |
| | : | |

CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,
Plaintiff, Adv. Case No.____________________

V

DETROIT CITY COUNCIL,
Defendant.

**PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO PETITIONERS' EMERGENCY MOTION FOR REMAND**

Petitioners Robert Davis and Citizens United Against Corrupt Government (collectively "Petitioners") hereby move for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period with respect to the Petitioners' Emergency Motion for Remand ("Emergency Motion"); and (b) scheduling a hearing on the Emergency Motion for October 10, 2014 or soon thereafter as the

Court's calendar permits. In support of this *Ex Parte* Motion, Petitioners respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under Fed.R.Bankr.P. 9027(d) and 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. Petitioners filed the Emergency Motion on October 9, 2014, contemporaneously with this *Ex Parte* Motion. In the Emergency Motion, Petitioners seek entry of an order granting Petitioners' Emergency Motion for Remand so that Petitioners' Open Meetings Act ("OMA") lawsuit, which this Court granted Petitioners relief from the automatic stay to file, can proceed in the Wayne County Circuit Court before the Honorable Judge Annette J. Berry ("Judge Berry").

3. By this *Ex Parte* Motion, Petitioners seek an order (a) shortening notice with respect to their Emergency Motion; (b) allowing the Emergency Motion to be heard on October 10, 2014 or soon thereafter as the Court's calendar permits; and (c) granting such other and further relief to Petitioners as the Court deems appropriate.

## ARGUMENT FOR RELIEF

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed.R.Bankr.P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an ex parte order reducing or

enlarging the time for a party to take any action or file any paper." E.D.Mich. LBR 9006-1(b).

5. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the tie within which the entities to whom, and the form and manner in which the notice shall be given." Fed.R.Bankr.P. 9007.

6. Collectively, these rules provide the Court with the authority and discretion to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

7. As explained fully in the accompanying Emergency Motion, Petitioners seek an order from this Court remanding Petitioners OMA lawsuit to the Wayne County Circuit Court for adjudication before Judge Berry.

8. On September 30, 2014, this Court, after conducting an emergency hearing, entered an Order Granting Petitioners' Emergency Motion for Relief From the Automatic Stay ("September 30, 2014 Order") (Docket 7754). (**See September 30, 2014 Order attached to Emergency Motion as Exhibit A**).

9. This Court's September 30, 2014 Order allowed Petitioners the right to "immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City Council's alleged violations f the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act." (Docket 7754).

10. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Petitioners filed a civil action in the Wayne County Circuit Court against the Detroit City Council, which sought declaratory and injunctive relief for the Detroit City Council's alleged violations of the Open Meetings Act ("OMA") pertaining to their series of closed-door meetings held September 23-25, 2014. Petitioners' OMA civil action against the Detroit City Council was given Wayne County Circuit Court Case No. 14-012633-AW ("OMA Case") and was assigned to Judge Annette J. Berry ("Judge Berry").

11. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Petitioners also filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO") against the Detroit City Council seeking to enjoin them from convening any other closed-door meetings for the purpose of discussing the role and/or future of Kevyn Orr as the Emergency Manager.

12. Upon reviewing Petitioners' pleadings as filed, Judge Berry granted Petitioners' *Ex Parte* Motion for TRO and set a show cause hearing to be held on October 10, 2014 at 11 a.m. (**See Judge Berry's Ex Parte TRO attached to Emergency Motion as Exhibit B**).

13. At approx. 2:32 p.m., counsel for the Detroit City Council filed with this Court a "Notice of Removal". (Docket 7907). (**See Detroit City Council's Notice of Removal filed with this Court attached to Emergency Motion as Exhibit C**).[1]

14. At approx. 3:12 p.m., counsel for the Detroit City Council filed with the Wayne County Circuit Court a "Notice of the Filing of A Notice of Removal." (**See Detroit**

[1] On October 9, 2014, counsel for the Detroit City Council also filed with this Court a Motion for Reconsideration of the September 30, 2014 Order.

**City Council's "Notice of the Filing of A Notice of Removal" attached to Emergency Motion as Exhibit C**).

15. The Detroit City Council's filing of its "Notice of Removal" was nothing more than a stalling tactic in an effort to prevent Judge Berry from ruling on the merits of Petitioners' meritorious OMA Case and holding the Show Cause Hearing that was scheduled for October 10, 2014.

16. The Detroit City Council's filing of its "Notice of Removal" with this Court lacks merit and is outright frivolous. Accordingly, Petitioners respectfully request this Court to assess sanctions against the Detroit City Council and its legal counsel pursuant to Fed.R.Bankr.P. 9011 for filing its frivolous "Notice of Removal".

17. 28 U.S.C. § 1452(a) states:

    (a) **A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power**, to the district court for the district where such civil action is pending, **if such district court has jurisdiction of such claim or cause of action under section 1334 of this title**. (Emphasis supplied).

18. 28 U.S.C. § 1334(a) provides:

    (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

19. In spite of this Court's clear directive in its September 30, 2014 Order, which required the Petitioners to file their OMA Case in the Wayne County Circuit Court, counsel for the Detroit City Council have asserted a flawed and frivolous defense that this Court has jurisdiction over the claims alleged in Petitioners' OMA Case.

Contrary to the Detroit City Council's arguments, **none** of the claims alleged in Petitioners' OMA Case are "related to a case under title 11." 28 U.S.C. § 1334(a).

20. "An action is related to bankruptcy of the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pappas v. Buchwald Capital Advisors, LLC* (*In re Greektown Holdings, LLC*), 728 F.3d 567, 577 (6TH Cir. 2013).

21. Petitioners' OMA Case in no way "could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

22. In fact, this Court, during oral arguments for Petitioners' Emergency Motion for Relief from the Automatic Stay, acknowledged not only that Petitioners' claims were meritorious, but Petitioners' OMA Case **would not** in any way impact or jeopardize the City of Detroit's ability to proceed with the bankruptcy proceedings.

23. Moreover, Petitioners' OMA claims simply **do not** fall within the jurisdiction of the Bankruptcy Court. Jurisdiction of Petitioners' OMA Case is statutorily conferred upon the Wayne County Circuit Court by Mich. Comp. Laws § 15.271 of the OMA.

24. Pursuant to Local Rules 9006-1(b) and 9014-1(g), on October 9, 2014, counsel for Petitioners provided notice and sought concurrence of the Detroit City Council in the Emergency Motion, which was not obtained.

25. Petitioners will serve this *Ex Parte* Motion via the Court's ECF System to the parties in the above-captioned proceeding, and will provide notice of the *ex parte* order promptly upon issuance.

26. Immediate consideration of Petitioners' Emergency Motion is necessary considering Judge Berry had scheduled a Show Cause Hearing to be held on October 10, 2014 at 11 a.m., which counsel for the Detroit City Council is obviously trying to circumvent.

**WHEREFORE,** Petitioners respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)________
Attorney for Petitioners Robert Davis and Citizens
United Against Corrupt Government
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 10, 2014