**THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | : | **Chapter 9** |
| **In re:** | : | **Case No. 13-53846** |
| **CITY OF DETROIT, MICHIGAN**, | : | **Hon. Steven W. Rhodes** |
| Debtor. | : | |
| | : | |
| | : | |

**CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,**
Plaintiff, **Adv. Case No. 14-05059**

**Hon. Steven W. Rhodes**

V

**DETROIT CITY COUNCIL**,

Defendant.

**PLAINTIFF CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION AND BRIEF FOR MANDATORY ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(2)**

Pursuant to 28 U.S.C. § 1334(c)(2), Plaintiff, Citizens United Against Corrupt Government ("Plaintiff"), by and through its attorney, Andrew A. Paterson, respectfully requests that this Court ***abstain*** from hearing Plaintiff's Open Meetings Act (Mich. Comp. Laws § 15.261 *et seq.* ("OMA")) case entitled *Citizens United Against Corrupt Government v. Detroit City Council*, and originally filed in the Wayne County Circuit Court, being Case Number 14-012633-AW ("Plaintiff's OMA Action"); and remand Plaintiff's OMA Action for adjudication by the Wayne County Circuit Court.

In support of its Emergency Motion for Mandatory Abstention Pursuant to 28 U.S.C. §

1334(c)(2) (“Emergency Motion”), Plaintiff states as follows:

## I. INTRODUCTION

1. On September 30, 2014, this Court, after conducting an emergency hearing, entered its Order Granting Petitioners Emergency Motion for Relief from the Automatic Stay (“September 30, 2014 Order”) (Docket #7754). (**See September 30, 2014 Order attached hereto as Exhibit A**).
2. This Court’s September 30, 2014 Order permitted Plaintiff to “immediately file a civil action in the Wayne County Circuit Court against the Defendant Detroit City Council (“Defendant”) seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City Council’s alleged violations f the Open Meetings Act and (2) an award of attorneys’ fees and costs as may be provided for by the Open Meetings Act.” (Docket #7754).
3. In accordance with the Court’s September 30, 2014 Order, on October 1, 2014, Plaintiff’s OMA Action was filed in the Wayne County Circuit Court against the Defendant and sought declaratory and injunctive relief for the Detroit City Council’s alleged violations of the OMA arising out of its series of closed-door meetings held September 23-25, 2014. Plaintiff’s OMA Action against the Detroit City Council was then given Wayne County Circuit Court Case No. 14-012633-AW and it was assigned to Wayne County Circuit Judge Annette J. Berry (“Judge Berry”).
4. In accordance with the Court’s September 30, 2014 Order, on October 1, 2014, Plaintiff also filed an *Ex Parte* Motion for Temporary Restraining Order (“TRO”) against the Defendant seeking to enjoin them from again convening in any other

closed-door meetings for the purpose of discussing the role and/or future of Kevyn Orr as the Emergency Manager for the City of Detroit.

5. Upon reviewing Plaintiff's pleadings, Judge Berry granted Petitioners' *Ex Parte* Motion for TRO and she set a show cause hearing to be held on October 10, 2014 at 11 a.m. (**See Judge Berry's Ex Parte TRO attached hereto as Exhibit B**).

6. On October 9, 2014, at approx. 2:32 p.m., counsel for the Defendant filed with this Court a "Notice of Removal". (Docket #7907). (**See Detroit City Council's Notice of Removal filed with this Court attached hereto as Exhibit C**).[1]

7. That same day, at approx. 3:12 p.m., counsel for the Defendant filed with the Wayne County Circuit Court a "Notice of the Filing of a Notice of Removal." (**See Detroit City Council's "Notice of the Filing of a Notice of Removal" attached hereto as Exhibit C**).

8. The Defendant's filing of its "Notice of Removal" was seen by Plaintiff as a stalling tactic seeking to prevent Judge Berry from ruling on the merits of Plaintiff's OMA Action.

9. On September 9, 2014, Plaintiff filed with this Court an Emergency Motion for Remand (Docket #7910) and an *Ex Parte* Motion for Expedited Hearing and to Shorten Time To Respond (Docket #7911).

10. On September 14, 2014, this Court entered an Order Denying Plaintiff's *Ex Parte* Motion for Expedited Hearing (Docket #7936).

[1] On October 9, 2014, counsel for the Detroit City Council contemporaneously filed with this Court a Motion for Reconsideration of the September 30, 2014 Order.

## II. ARGUMENT FOR RELIEF

11. "Depending upon the legal and factual circumstances, a bankruptcy court either *must* abstain from hearing a state-law claim (mandatory abstention), 28 U.S.C. § 1334(c)(2), or *may* abstain (permissive abstention), 28 U.S.C. § 1334(c)(1)." *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006).

12. The mandatory abstention provision of 28 U.S.C. § 1334(c)(2), states:

> (c) ***Upon timely motion of a party*** **in a proceeding based upon a State law claim or State law cause of action**, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court ***shall abstain from hearing such proceeding*** if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. (Emphasis supplied).

13. "Section 1334 provides for two types of abstention: discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory abstention under 28 U.S.C. § 1334(c)(2)." *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996).

14. "For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006) (quoting *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996)).

15. Plaintiff's OMA Action meets ***all*** five elements for the mandatory abstention to apply.

**1. Plaintiff's OMA Action Is Based On A State Law Claim or Cause of Action.**

16. Plaintiff's OMA Action is based specifically and solely on Defendant's alleged violations of the State of Michigan's OMA.

17. In accordance with Mich. Comp. Laws § 15.263 of the OMA, Plaintiff's OMA Action seeks a declaratory judgment declaring that Defendant violated various provisions of the OMA by holding closed sessions over a three (3) day period in which they discussed matters that were not covered by the attorney–client privilege. Pursuant to Mich. Comp. Laws § 15.271, Plaintiff's OMA Action also seeks injunctive relief. If the Court determines that the Defendant did in fact meet in closed session for an impermissible purpose, Plaintiff is also seeking an order requiring the Defendant to provide Plaintiff with copies of all "minutes, including transcripts and audio recordings," from said closed-door meetings. And lastly, Plaintiff is seeking an order awarding it its court costs and attorney fees as required under Mich. Comp. Laws § 15.271(4).

**2. Plaintiff's OMA Action Lacks A Federal Jurisdictional Basis Absent the Bankruptcy.**

18. The second element required for mandatory abstention to apply is also met here. Plaintiff's OMA Action lacks a federal jurisdictional basis absent the pending Chapter 9 Bankruptcy proceeding for the City of Detroit. But for Defendant's filing a "Notice of Removal" supposedly pursuant to 28 U.S.C. § 1452, Plaintiff's OMA Action would not be before this Court. Quite simply, there is no federal question of any kind pled or alleged in Plaintiff's OMA Action. Plaintiff's OMA Action only alleges violations of the state's OMA. Plaintiff's complaint in the OMA Action does not in any manner raise any federal questions. Accordingly, there is no federal

jurisdiction. See *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (noting that federal courts have jurisdiction in "only those cases in which a well-pleaded [c]omplaint establishes either that federal law creates the cause of action or that the plaintiff[s] right to relief necessarily depends on resolution of a substantial question of federal law" (emphasis added) (quoting *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. 2841) (internal quotation marks omitted)).

19. Plaintiff's OMA Action also lacks diversity jurisdiction. Title 28, U.S.C. § 1441(b), provides:

> Any civil action of which the districts courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

20. It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction. *See Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).

21. Plaintiff and Defendant are not diverse. Both parties are domiciled and/or have their principal place of business in the State of Michigan. Defendant is a local governing body established under Michigan law. Thus diversity jurisdiction simply does not exist.

22. The burden to establish any imagined *federal* jurisdiction is on the Defendant as the removing party. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993). Defendant simply cannot meet such an impossible burden establishing federal

jurisdiction - absent the pending Chapter 9 Bankruptcy proceeding – as to Plaintiff's OMA Action.

### 3. Plaintiff's OMA Action Was Commenced In A State Court of Appropriate Jurisdiction

23. The third element for mandatory abstention by this Court is also met. Plaintiff's OMA Action, in accordance with this Court's September 30, 2014 Order Granting Plaintiff's Emergency Motion for Relief from the Automatic Stay (Docket #7754), was properly filed in the Wayne County Circuit Court, which statutorily is the Court of appropriate jurisdiction.

24. Jurisdiction of Plaintiff's OMA Action is statutorily conferred upon the Wayne County Circuit Court by Mich. Comp. Laws § 15.271 of the OMA.

25. Mich. Comp. Laws § 15.271(2) of the OMA states: *"An action for injunctive relief against a local public body* ***shall be commenced in the circuit court, and venue is proper in any county in which the public body serves***. An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, or in Ingham county." (Emphasis added.)

26. The Defendant's principal office is in the City of Detroit, County of Wayne. Consequently, pursuant to Mich. Comp. Laws § 15.271(2) of the OMA, the Wayne County Circuit Court is the proper venue for Plaintiff's OMA Action, and as this Court's September 30, 2014 Order (Docket #7754) so recognizes.

### 4. Plaintiff's OMA Action Can Be Adjudicated In A Timely Manner In State Court

27. The fourth element for mandatory abstention to apply is also met when one considers that Judge Berry set Plaintiff's OMA Action on an expedited schedule as evidenced

by Judge Berry's October 1, 2014 TRO. In fact, Judge Berry had set an October 10, 2014 hearing for Plaintiff's motion for preliminary injunction, and which was only cancelled because of Defendant filing with the state court its Notice of Removal.

### 5. Plaintiff's OMA Action Is A Non-Core Proceeding

28. Lastly, Plaintiff's OMA Action is plainly a non-core proceeding. Both Plaintiff and Defendant agree that Plaintiff's OMA Action is a non-core proceeding. Indeed, Defendant in its "Notice of Removal" (Docket #7907) filed with this Court on September 9, 2014, stated and admitted at page 2 that Plaintiff's OMA Action was "non-core". Thus, Plaintiff's OMA Action satisfies the final fifth element for mandatory abstention to apply.

## III. CONCLUSION AND PRAYER FOR RELIEF

**WHERFORE,** for the reasons stated herein, Plaintiff's Emergency Motion for Mandatory Abstention shall be GRANTED considering all of the five (5) elements have been met for the mandatory abstention to apply to Plaintiff's OMA Action. Plaintiff further prays that this Court REMAND Plaintiff's OMA Action to the Wayne County Circuit Court for adjudication.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)________
Attorney for Plaintiff Citizens United Against Corrupt Government
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 16, 2014