# THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

x

| | | |
|---|---|---|
| | : | **Chapter 9** |
| **In re:** | : | **Case No. 13-53846** |
| **CITY OF DETROIT, MICHIGAN**, | : | **Hon. Steven W. Rhodes** |
| Debtor. | : | |
| | : | |
| | : | |

**CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,**
Plaintiff,

**Adv. Case No. 14-05059**

**Hon. Steven W. Rhodes**

V

**DETROIT CITY COUNCIL**,

Defendant.

**PLAINTIFF CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO PLAINTIFF'S EMERGENCY MOTION FOR MANDATORY ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(2)**

Plaintiff Citizens United Against Corrupt Government ("Plaintiff") hereby moves for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period with respect to the Plaintiff's Emergency Motion for Mandatory Abstention Pursuant to 28 U.S.C. § 1334(c)(2) ("Emergency Motion"); and (b) scheduling a hearing on the Emergency Motion for Monday,

October 20, 2014 or soon thereafter as the Court's calendar permits. In support of this *Ex Parte* Motion, Plaintiff respectfully states as follows:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(c)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## **RELIEF REQUESTED**

2. Plaintiff filed the Emergency Motion on October 16, 2014, contemporaneously with this *Ex Parte* Motion. In the Emergency Motion, Plaintiff seeks entry of an order granting Plaintiff's Emergency Motion for Mandatory Abstention so that Plaintiff's Open Meetings Act ("OMA") lawsuit, which this Court granted Plaintiff relief from the automatic stay to file, can proceed in the Wayne County Circuit Court before the Honorable Judge Annette J. Berry ("Judge Berry").
3. By this *Ex Parte* Motion, Plaintiff seeks an order (a) shortening notice with respect to their Emergency Motion; (b) allowing the Emergency Motion to be heard on October 20, 2014 or soon thereafter as the Court's calendar permits; and (c) granting such other and further relief to Plaintiff as the Court deems appropriate.

## **ARGUMENT FOR RELIEF**

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed.R.Bankr.P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an ex parte order reducing or enlarging the time for a party to take any action or file any paper." E.D.Mich. LBR

9006-1(b).

5. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the tie within which the entities to whom, and the form and manner in which the notice shall be given." Fed.R.Bankr.P. 9007.

6. Collectively, these rules provide the Court with the authority and discretion to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

7. As explained fully in the accompanying Emergency Motion, Plaintiff seeks an order from this Court granting Plaintiff's Emergency Motion so that Plaintiff's OMA Case can proceed in the Wayne County Circuit Court before Judge Berry.

8. On September 30, 2014, this Court, after conducting an emergency hearing, entered an Order Granting Plaintiff's Emergency Motion for Relief From the Automatic Stay ("September 30, 2014 Order") (Docket 7754). **(See September 30, 2014 Order attached to Emergency Motion as Exhibit A**).

9. This Court's September 30, 2014 Order allowed Plaintiff the right to "immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City Council's alleged violations f the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act." (Docket 7754).

10. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Plaintiff filed a civil action in the Wayne County Circuit Court against the Defendant

Detroit City Council ("Defendant"), which sought declaratory and injunctive relief for the Defendant's alleged violations of the Open Meetings Act ("OMA") pertaining to their series of closed-door meetings held September 23-25, 2014. Plaintiff's OMA civil action against the Detroit City Council was given Wayne County Circuit Court Case No. 14-012633-AW ("OMA Case") and was assigned to Judge Berry.

11. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Plaintiff also filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO") against the Defendant seeking to enjoin them from convening any other closed-door meetings for the purpose of discussing the role and/or future of Kevyn Orr as the Emergency Manager.

12. Upon reviewing Plaintiff's pleadings as filed, Judge Berry granted Plaintiff's *Ex Parte* Motion for TRO and set a show cause hearing to be held on October 10, 2014 at 11 a.m. (**See Judge Berry's Ex Parte TRO attached to Emergency Motion as Exhibit B**).

13. On October 9, 2014, at approx. 2:32 p.m., counsel for the Defendant filed with this Court a "Notice of Removal". (Docket 7907). (**See Detroit City Council's Notice of Removal filed with this Court attached to Emergency Motion as Exhibit C**).[1]

14. That same day, at approx. 3:12 p.m., counsel for the Defendant filed with the Wayne County Circuit Court a "Notice of the Filing of A Notice of Removal." (**See Detroit City Council's "Notice of the Filing of A Notice of Removal" attached to Emergency Motion as Exhibit C**).

[1] On October 9, 2014, counsel for the Defendant Detroit City Council also filed with this Court a Motion for Reconsideration of the September 30, 2014 Order.

15. The Defendant's filing of its "Notice of Removal" was nothing more than a stalling tactic in an effort to prevent Judge Berry from ruling on the merits of Petitioners' meritorious OMA Case and holding the Show Cause Hearing that was scheduled for October 10, 2014.

16. On September 9, 2014, Plaintiff filed with this Court an Emergency Motion for Remand (Docket 7910) and an *Ex Parte* Motion for Expedited Hearing and to Shorten Time To Respond (Docket 7911) with this Court.

17. On September 14, 2014, this Court entered an Order Denying Plaintiff's *Ex Parte* Motion for Expedited Hearing (Docket 7936).

18. Since that time, by operation of law, Judge Berry's October 1, 2014 expired on October 15, 2014 in accordance with MCR 3.310(3)

19. Plaintiff's has requested an expedited hearing because as a result of Judge Berry's October 1, 2014 TRO expiring by operation of law, Defendant is now permitted to continue to violate the OMA by meeting in closed sessions for impermissible purposes and are now permitted to destroy evidence.

20. Plaintiff will suffer irreparable harm if the Defendant is permitted to convene into closed sessions for impermissible purposes. Judge Berry's October 1, 2014 TRO prohibited such illegal conduct.

21. Plaintiff and other interested citizens of the City of Detroit will suffer irreparable harm if Defendant Detroit City Council is allowed to continue to meet in closed sessions to discuss the role of Kevyn Orr as the Emergency Manager. "Because there is real and imminent danger of irreparable injury when governmental bodies meet and act in secret, *Detroit News*, p 301, we enjoin defendant from any use of this procedure

in the future." *Booth v University of Michigan Board of Regents*, 192 Mich App 574, 588 (1992).

22. Plaintiff has a legitimate concern that members of the Defendant will participate in the destruction of pertinent evidence in this case considering Defendant's counsel has refused numerous times to confer with Plaintiff's counsel regarding discovery issues.
23. Allowing Plaintiff's OMA Case to proceed in its appropriate venue and forum will permit Plaintiff to immediately commence discovery and the opportunity to ask Judge Berry to issue a new TRO in accordance with the Michigan Court Rules.
24. This matter deserves immediate consideration considering Defendant is now able to destroy pertinent and relevant evidence and they are able to further delay the issuance of a preliminary injunction enjoining them from convening in future closed sessions that violate the OMA.
25. Moreover, this matter deserves immediate consideration because Defendant's intentional delays are preventing the appropriate court (Wayne County Circuit Court) from timely adjudicating Plaintiff's OMA Case.
26. Pursuant to Local Rules 9006-1(b) and 9014-1(g), on October 16, 2014, counsel for Plaintiff provided notice and sought concurrence of the Defendant Detroit City Council in the Emergency Motion, which was not obtained.
27. Plaintiff will serve this *Ex Parte* Motion via the Court's ECF System to the parties in the above-captioned proceeding, and will provide notice of the *ex parte* order promptly upon issuance.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an order, substantially

in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)________
Attorney for Plaintiff Citizens United Against
Corrupt Government
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 16, 2014