**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

City of Detroit, Michigan,

Debtor.
_________________________________/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

Citizens United Against Corrupt Government,

Plaintiff,

v.

Adversary Pro. No. 14-05059

Detroit City Council,

Defendant.
___________________________________/

**Order Denying Plaintiff Citizens United Against Corrupt Government's Motion For Attorney's Fees and Court Costs**

Before the Court is a motion for attorney's fees and court costs pursuant to Mich. Comp. Laws § 15.271(4) that was filed by plaintiff Citizens United Against Corrupt Government ("Citizens United"). The fees sought relate to a six-count complaint that Citizens United filed against the defendant, the Detroit City Council. The complaint alleged violations of the Michigan Open Meetings Act, Mich. Comp. Laws §§ 15.261-15.275 (the "OMA"). The Court dismissed the complaint on December 31, 2014, finding that the defendant did not violate the OMA. *See* Order Granting Defs.' Mot. for Summ. J. (Dkt. #24)

Having reviewed the motion and the applicable law, the Court finds there is no need for either a written response or a hearing. The motion for attorney fees is denied.

The OMA provides for an award of attorney fees and costs as follows:

> *If a public body is not complying with this act*, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

Mich. Comp. Laws § 15.271(4) (emphasis added).

In *Slater v. Ann Arbor Public Schools Board of Education*, 648 N.W.2d 205 (Mich. Ct. App. 2002), the court stated:

> The primary goal in construing a statute is to ascertain and effectuate the intent of the Legislature. The first step in determining the intent of the Legislature is to review the specific wording of the statute itself. Where the plain and ordinary meaning of the language of the statute is clear and unambiguous, no further interpretation is necessary.

*Id.* at 211-12 (citations omitted).

The first statutory condition for awarding attorney fees under Mich. Comp. Laws § 15.271(4) is clear and unambiguous—it requires a finding that a public body has violated the OMA. When no violation is found, no fees can be awarded.

In the order granting the defendant's motion for summary judgment, this Court expressly found that the Detroit City Council "did not violate the Michigan Open Meetings Act, as the plaintiff's complaint alleges, because the exceptions under Mich. Comp. Laws § 15.268(e) and (h) apply." Order Granting Defs.' Mot. for Summ. J. at 1. (Dkt. #24)

The plaintiff relies on the recent decision of the Michigan Supreme Court in *Speicher v. Columbia Township Board of Trustees*, No. 148617, 2014 WL 7270359 (Mich. Dec. 22, 2014). In that case, the court held that a plaintiff in an OMA case is entitled to attorney fees only when the plaintiff is awarded injunctive relief and that an award of declaratory relief is not sufficient. The plaintiff here argues that because the Wayne County Circuit Court did grant injunctive relief—an *ex parte* temporary restraining order, the plaintiff is entitled to attorney fees.

*Speicher* does not support the plaintiff's position. In that case, the defendant was found to have violated the OMA. *Speicher* does not hold that attorney fees can be awarded when the court has found that the defendant did not violate the OMA.

Moreover, *Speicher* actually undermines that plaintiff's position. The court denied attorney fees specifically because it applied the plain meaning of the text that expressly conditions an award of fees on injunctive relief, which had not been granted in that case. As noted above, the statute also expressly conditions an award of fees on a violation of the OMA, which has not been found in this case. *Speicher* certainly requires the denial of attorney fees if any of the express statutory conditions are not met.

Because the Court found that the defendant did not violate the OMA, Citizens United is not entitled to an award of fees and costs under Mich. Comp. Laws § 15.271(4). Accordingly, it is hereby ordered that the motion for fees and costs is denied.

Not for Publication

.

**Signed on January 08, 2015**

**/s/ Steven Rhodes**
**Steven Rhodes**
**United States Bankruptcy Judge**